KAPLIN STEWART MELOFF REITER & STEIN, P.C.
BY: AMY L. SANTAMARIA, ESQUIRE (AS6092)
457 HADDONFIELD ROAD – SUITE 310
CHERRY HILL, NEW JERSEY 08002
(856) 675-1550
(856) 675-1551 FACSIMILE
OUR FILE NO. 6371.95

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF NEW JERSEY (TRENTON)

| | | |
|---|---|---|
| **In re:** | : | Chapter 13 |
| | : | |
| LORAYNE RIHAN | : | Bankruptcy Case No. 10-42526 (RTL) |
| | : | |
| | : | Hearing Date: |
| | : | |
| | : | **CERTIFICATION IN OPPOSITION TO** |
| | : | **DEBTOR'S MOTION TO DECLARE** |
| | | **MORTGAGE VOID** |

AMY L. SANTAMARIA hereby certifies:

    1.    I represent Secured Creditor Bank of America, N.A. ("BANA"). BANA is the successor by merger to BAC Home Loans Servicing, LP formerly known as Countrywide Home Loans, Inc., and the current holder of the Loan herein at issue. The Mortgage securing the Loan is held by Mortgage Electronic Registration Systems, Inc., as Nominee for BANA. The facts stated herein are a matter of public record. I am authorized to provide this Certification in opposition to the Debtor's Motion to Declare my clients' Mortgage unsecured and/or void.

    2.    Debtor, Lorayne Rihan, a/k/a Lorayne Kitchell, ("Debtor"), filed a voluntary petition under Chapter 7 of the Bankruptcy Code on October 20, 2010 (the "Petition Date").

    3.    The case was voluntarily converted by the Debtor to a Chapter 13 case by Motion filed on March 8, 2011 and granted by Order dated April 8, 2011.

4. The Debtor is the owner of the property located at 23 Leland Street, Browns Mills, New Jersey (hereinafter "the Mortgaged Premises"). Title to the Mortgaged Premises became solely vested in the Debtor on or about January 13, 2005, at the death of joint tenant Marie K. Mannon.

5. On August 22, 2012, the Debtor filed the within Motion to declare the Mortgage against the Mortgaged Premises void.

6. The subject Mortgage was given by the Debtor in favor of Mortgage Electronic Registration Systems, Inc., as Nominee for Countrywide Home Loans, Inc., (hereinafter "the Secured Creditor") to secure a loan in the amount of $132,000.00. The Mortgage was executed on August 26, 2006.

7. Due to accident, inadvertence and/or mistake, the original Mortgage was lost before recording and cannot now be located.

8. By letter dated September 23, 2009, the Secured Creditor sought the Debtor's cooperation to have a duplicate original Mortgage executed and recorded.

9. The Debtor failed and refused to cooperate with the Secured Creditor's request.

10. The Secured Creditor instituted an action in the Superior Court of New Jersey, Burlington County, Chancery Division on March 10, 2010, Docket No. C-019-10 (hereinafter "the Action") seeking an order allowing the Secured Creditor to record a copy of the Mortgage in lieu of the lost original. The relief sought in the Action included a declaration that the Secured Creditor holds a valid Mortgage encumbering the Mortgaged Premises and an order directing that the copy of the Mortgage be recorded in the appropriate mortgage book in the Burlington County Clerk's office and be afforded priority _nunc pro tunc_ to the date same was executed by the Debtor. A true and correct copy of the Complaint is attached hereto as Exhibit "A."

11. On April 6, 2010, the Secured Creditor recorded a Notice of Lis Pendens against the Mortgaged Premises providing notice to the world of the pendency of the Chancery Division action described above. A true and correct copy of the recorded Notice of Lis Pendens is attached hereto as Exhibit "B."

12. On or about April 12, 2010, the Secured Creditor filed an Amended Complaint to correctly identify the Secured Creditor and holder of the subject Mortgage. A true and correct copy of the Amended Complaint is attached hereto as Exhibit "C."[1]

13. The Debtor was named as a Defendant in the Action and was served with original process.

14. The Debtor failed to answer or otherwise move as to the Complaint or Amended Complaints and the matter proceeded entirely uncontested.

15. Default was entered against all Defendants, including the Debtor, on October 8, 2010. A true and correct copy of the entry of default is attached hereto as Exhibit "D."

16. By Order dated March 22, 2011, a true and correct copy of which is attached hereto as Exhibit "E," the Honorable Michael J. Hogan, Presiding Judge, Chancery Division, Superior Court of New Jersey ordered the entry of Judgment in favor of the Secured Creditor declaring that

---

[1] On May 25, 2010, the Secured Creditor filed a Second Amended Complaint to correct certain typographical errors. On October 12, 2010, the Secured Creditor filed a Third Amended Complaint to name an additional defendant judgment creditor. Said judgment creditor was defaulted for failure to answer or otherwise plead on December 28, 2010. The Second and Third Amended Complaints are immaterial to any of the matters before the Court.

      a.    the Secured Creditor has a valid Mortgage in the original amount of $132,000.00 encumbering the interest of the Debtor in the Mortgaged Premises;

      b.    that the Debtor had actual knowledge of the material terms of the Mortgage;

      c.    that the Debtor had an understanding that the Mortgage was intended to serve as a security instrument for the Note thereby encumbering the Debtor's interest in the Mortgaged Premises as a lien of first priority; and

      d.    directing that the Judgment be recorded in the Burlington County Clerk's Office simultaneously with a copy of the Mortgage;

      e.    directing that the Mortgage be afforded first lien priority <u>nunc pro tunc</u>; and

      f.    directing that a notation be entered in the appropriate mortgage index to reflect the existence of the Mortgage as encumbering the interest of the Debtor in the Mortgaged Premises.

17.    The Judgment and Mortgage were recorded against the Mortgaged Premises on April 12, 2011.

18.    The Debtor filed her Chapter 7 Petition AFTER the filing of the Action and the recording of the Notice of Lis Pendens but BEFORE the entry of Judgment and the recording of the Mortgage.

19.    The Debtor listed the Mortgaged Premises in her bankruptcy schedules and identified BAC Home Loans Servicing, LP as the servicer.

20.    On or about February 3, 2012, the Debtor filed an adversary proceeding (12-01121) against the Secured Creditor and others alleging that the post petition filing of an

application for final judgment in the Action, and the recording of the Mortgage copy each violated the automatic stay. The Debtor also claims that the Secured Creditor violated the stay by continuing to mail monthly statements to her during the bankruptcy case.

21. The instant Motion seeks the very same relief at issue in the Adversary Complaint, and is based upon the very same set of factual allegations.

22. Specifically, the Debtor seeks an order of this Court declaring the following:

    a. the State Court Judgment dated March 22, 2010 is void;

    b. the Secured Creditor does not have a valid Mortgage against the Mortgaged Premises;

    c. the Mortgage is void; and

    d. forever barring the Secured Creditor from ever seeking to have the Mortgage recorded.

23. The Debtor's Motion must be denied in its entirety.

24. The Secured Creditor's actions in obtaining final judgment in the Action, and thereafter recording a copy of the lost Mortgage did not violate the automatic stay because they fit squarely within an exception to the stay found at 11 U.S.C. § 362(b)(3).

25. Because the Secured Creditor did not violate the automatic there is no legal basis for the relief sought by the Debtor in her Motion.

26. This Motion is more properly characterized as a proceeding to determine the validity, priority, or extent of a lien or other interest in property. Such a proceeding must be commenced by the filing of an adversary complaint; it is not a "contested matter" within the meaning of Bankruptcy Rule 9014, and cannot proceed by Motion. Because the Debtor has already filed an Adversary Proceeding seeking the same relief, the instant Motion is duplicative.

27. For the foregoing reasons, the Secured Creditor seeks an Order denying the subject Motion.

I hereby certify that the above statements are true and correct to the best of my knowledge, information and belief; I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date:  10/8/2012                             /s/ Amy L. SantaMaria
                                             AMY L. SANTAMARIA